The IDEA is silent as to a limitations period for complaints for attorney's fees. So, because of that, we do look to, the courts will look at the most closely analogous state statute, take that limitations period, borrow that limitations period, and then apply it to the federal statute. Here, the district court incorrectly chose the Administrative Procedures Act. There's no question here that D.G. was a prevailing party. In order to be a prevailing party, a party must have gotten some relief either by an order, a settlement agreement, a consent decree, some enforceable relief. It must materially alter the legal relationship of the parties and in a manner that furthers the purpose of the underlying statute. Here, D.G. filed a complaint saying with the Texas Education Agency, the administrative agency, saying he was not receiving a free appropriate public education. There was a hearing on the merits. He won on all those issues. There was an order from the hearing officer ordering the district to take certain actions to change his educational programming. So, it made the district act in a manner that was consistent with the underlying purposes of the IDEA. Would your analysis not change if there had been a partial victory? Each side had lost aspects of the underlying substantives? There would be a more detailed analysis. He can still be a prevailing party. Let's say they were both aggrieved in part. Then, under your analysis of the statute, parsing 1415I, they would each have 90 days to appeal the substantive underlying educational claim. Correct. Okay. But then, according to you, the subsection 3, civil action for attorney's fees, is separate entirely. Congress was silent on limitations period. So, the difficult question that's bedeviled courts is where do we borrow from? That's your approach. Correct. And the district court, I think, took the novel. In other words, there's a lot of court opinions out here. But no, am I correct, no other court has made this interpretive jump connection that, oh, you're not aggrieved. You are aggrieved because you're unrequited with attorney's fees. That is correct. So, this is a solitary opinion out there. That is correct. But it does cite to King the Sixth Circuit case. Yes. So, what, is King just wrong or is it, what's your thought on that? Well, I think King is just wrong. And there's a few reasons why. One is King was decided in 2000. In 2004, the IDEA was amended to add the 90-day limitations period to appeals by aggrieved parties. So, King decided a 30-day limitations period is okay for complaints for attorney's fees. They applied a 30-day limitations period. And now we have a 90-day period for merits appeals. So, we have this weird situation that the Ninth Circuit recently found in Meridian would lead to an anomalous result where you have to file your complaint for attorney's fees before the appeal deadline even runs. But the other reason that King's analysis is really incorrect is because it found that a complaint for attorney's fees is ancillary to the underlying merits appeal or merits decision instead of a separate and distinct complaint for fees. And here in the IDEA, we have two clear provisions that show that they're entirely different proceedings. And they're not ancillary. They are separate and distinct proceedings. Okay. But that's a bit of, is that, do you have to win on that to prevail? And you said the third error below was that this isn't ancillary. Ancillary not in the statutory sense, but ancillary in the sense that you would still look to each state's judicial review of an administrative ruling. Do you lose on that theory? Do you understand my question? You're familiar with McCartney. Yes. In Judge Posner's decision. Yes. Do you have, is he wrong for you to win or do you win under his theory? Well, in this case, we still win under his theory. By the exact day, right? 120 days? You do. So why shouldn't, why isn't, I mean, that's got a pretty good pedigree in the Seventh Circuit. Why isn't that approach focusing on the accrual moment the persuasive way to go? Well, I think that because, I mean, certainly in the alternative, you know, should this court decide that the agency decision, the appeal from an agency decision timeline is the one that applies, we think that it should not accrue until the appeal deadline has run. However, the Fifth Circuit has already applied the two-year limitations period from the Texas tort personal injury law to an IDEA case, which was then followed by Judge Hartsfield in the Eastern, out of the Eastern District of Texas in Virginia McSee and applied to a fee case. And in deciding Skokin, applying the two-year period to an IDEA case, it was a merits appeal, but it applied the two-year limitations period. Judge Thornberry said that this is most frequently the statute used in civil rights cases. And so there is some precedent for this court applying the two-year limitations period. When would the two-year period begin to run? Well, the two-year period, none of the courts that have decided on a longer limitations period have applied the accrual doctrine to that. So only the Seventh Circuit. Yeah, but none have disavowed it either, right? They just haven't addressed it. Correct. So there's no split there. But if we follow your logic, we are entering a world where we're just enhancing a split. Yes. There's no question there's a split. Okay, so why would we want to take that step when the district court didn't inquire into any of this? So there's not much of a record to look at. Well, I think, again, there is— You think Skokin controls or Skokin's persuasive? I think it's persuasive. I mean, certainly it's not exactly on point because it doesn't address fees. It's about an appeal on the merits. It has been followed by one court in Texas applying that to fees. The other thing that Skokin did say, though, if we're looking at the underlying policy goals, and one of the most important policy goals of the IDEA is the right of parents to have full participation in the process, Skokin directly addressed that and specifically said, we're deciding not on the issue of procedure. Really, we're deciding because we feel 30 days is too short of a time period to allow for full parental participation. And here, that's saying— So are you talking about two years for an appeal on the merits or two years to raise a claim for fees by a prevailing party? Two years for a claim for fees. All right. And so the two years begins to run from the date of the administrative decision or at the expiration of the 90 days for filing an appeal? What we're asking for is from—the case law is from the date of the agency decision. So the date of the hearing officer's order. That's the case law. Correct. Of the courts that applied a longer limitations period. That's where they started. There was no— Well, what if you weren't the prevailing party? What if you lost at the administrative agency proceeding? You appealed, and then you prevailed at the district court level. So then would the two years start to run from the date of the district court judgment in your favor? That would—presumably, yes. So you would not have to bring your attorney's fees in the district court appeal. You could wait until you won on the district court—you got a judgment in your favor, and then you'd file another lawsuit asking for your attorney's fees both at the district court and in front of the administrative agency. You know, and I'm not sure—to be honest, I have not looked at whether you can get fees at the administrative agency if you lose there or if you can only get them in the district court. Well, if you got a reversal in your favor, why should you prevail in the party? That's a good question, and it's not— I'm just trying to get the logic here. You say it's one animal, so I'm asking you, well, if that's true, is it— Well, and I think that if a party is entitled to get attorney's fees at the administrative level based on a reversal in the district court, then yes. I think it would logically attach from the time of the reversal. Okay, well, let me tell you what I like, and then you tell me why we couldn't do that. What I like is something that says that you get an administrative decision. IDA provides that you have 90 days. The agreed party has 90 days to appeal it. At the expiration of that 90-day period, then I look to some state statute to determine how much time remains or what the time period is for filing an action for attorney's fees. Now, what case says that's not the way to do it? Well, there isn't a case that says that that's not the way to do it. The cases that have applied longer limitations periods don't wait. They just don't really discuss— Well, do you need—and maybe you already answered this question. Maybe it's already been asked. Do you need a longer limitations period in order to prevail in this case? Does 30—let me ask it another way. Does 30 days do it for you? If we take the 90, the expiration of the appeals period on the merits, and then add 30 days to that for you to bring your claim, you're right on the last day, but you're okay. You're okay. All right. And some courts have held. The most recent court circuit to decide this is the Ninth Circuit in that Meridian case that just came out a few months ago, the Judge Callahan didn't decide. She said— So 30 days works for you. You're just worried about all these other people who may need two years. Well, I think that looking at, of course, what's the Skoken decision and the Virginia McSee decision, and really the trend in the court seems to be moving away from applying 30 days. We also just don't feel that a 30-day period is analogous. It's an appeal from administrative agencies. 90 plus 30 is sufficient. 90 plus 30 days would certainly get us there. What if we said we don't need to decide this because, at a minimum, you have the right to wait to see if the state appeals or if the district appeals? And if they don't, then you've got a period of time to file. And since you—worst case, 30 days, and you come within that, why do we need to decide further? Well, if you choose not to, I mean, certainly that's, you know— We're all asking versions of the same question. Yeah. Can't you win without getting two years? Why two years? I think you're saying Skoken is a little bit in tension. The direction of most of the case law, especially the circuit decision, is contrary slightly. I guess factually the slight aberration would be what if the district, and I think there's some evidence in the record here, says to you before the 90 days elapses that they will not appeal. Do they create finality at some earlier moment than the 90 days? Do you have a thought? Did they tell you that here? I do not recall that. The district made no indication to you that they didn't intend to comply with the order below? No. What they did was they sent a letter to the Texas Education Agency in September. The order was issued in early July, and the district sent a letter to the Texas Education Agency in September and said we realize we need to comply, we need more time. So after their appeal, 90 days had elapsed? This was prior to the 90 days was up. But they were still implementing the decision. They convened a meeting on October 25th, which was about 114 days after. But they never signaled to you in writing that they were not going to appeal? They did not indicate they were not going to appeal, no. We received this morning a motion to dismiss. Have you had time to formulate any thoughts about that? I have not looked at it closely, but I would point the court to the amicus brief that was filed in this case because it directly discusses some of the concerns raised in that motion to dismiss regarding the ability of nonprofit attorneys to get fees. And I do know that there is, and certainly we are happy to prepare a response to that, but there is case law on point out of the Sixth Circuit specifically stating that P&As, protection and advocacy agencies, can get fees. And I do think that the other thing is that they seem to confuse when they use the term program. They're saying that the funds belong to the program. If I'm getting this correctly, because I did just read it very quickly, the program is Disability Rights Texas. It's the funding that we receive from the federal government. We have to put the money back into that funding stream. So I don't get to keep the address. Was there an assignment of a right to attorney's fees? There is a, and I haven't looked back at the terms of the contract. It was from 2012. They didn't raise all this until this morning. Correct. Well, it was filed Saturday afternoon. But, yeah, we do have a representation agreement that does assign attorney's fees and that does, in some cases, we do charge people for attorney's fees. So, you know, to address that issue. Quick factual question. What does the record show about whether the district informed your client of a limitations period? I don't know that it shows anything. Did Skokin indicate that that's a duty, a statutory duty? It did find that indeed that that is, yeah, they actually did find that there was a duty to provide a limitations notice. But that hasn't been an argument you made below or here? That was not, no. And districts generally provide a notice of procedural safeguards to parents, and I haven't looked back at the one that may have been provided to our client to determine what that said. And Skokin is where you're getting the 2E? Skokin and then other courts around the country. We're using the personal injury tort law. I know other courts around the country have applied that same principle in applying longer limitations periods. I've got 15 seconds. We're going to add three minutes to your time. I'm not suggesting that you need it, but just would you add three minutes? May it please the Court. Good morning, Your Honors. Joe Tanguma here on behalf of New Canyon Independent School District. I did want to first start with the motion to dismiss for lack of jurisdiction because I think that's appropriate given that it's a jurisdictional claim and the other issues become they fall by the wayside. Article 3, it's a constitutional principle. I haven't had a chance to read the motion to dismiss. I would like to just briefly summarize to you. Rather, before you summarize, could you explain why you filed it on Saturday? Yes. Is there some new intervening aspect or fact? Not at all, Your Honor. As of going through the record, I simply learned and observed that the fee statements were never invoiced or billed to the parent or to the student, and then also noticed that Disability Rights Texas is a protection advocacy group, and they assert on their website that they provide these services at no cost to parents and students. Was there an assignment of the right to attorney's fees? That's a question that they would have to answer, but I can tell you that that would not. You can't contract around constitutional standing by trying to assign. Well, no. The parents have a right to recover attorney's fees. They prevailed, and they could have assigned up front any recovery that they might get from the court to their attorneys, and that would not change. How does that change to Article 3? Well, because I think under the constitutional principles applied by the Supreme Court with respect to standing, you have to be able to show that there's an injury in fact. The parents, even if they're a personal injury lawyer and on contingent fee, I have no right to attorney's fees under Article 3. Under Article 3, there is no standing. Tell me a case that says that. Well, there's Lujan and Whitmore and Worth v. Sinline. Does it deal with attorney's fees? I want a case that says people who represent people who can't afford lawyers. Well, I can tell you. Aren't entitled to get attorney's fees through their client. I can tell you that there's a Fourth Circuit decision, Emory v. Roanoke City School Board, and in that case it basically said that there's no standing when basically reimbursement has to flow to an actual expenditure of expenses. And if there's no standing, in that case there was an adult student who didn't have to expend any attorney's fees or pay for any of the services. His father did that. There was no standing for the father to pursue in that case in action for relief. So I understand that this is just before the court. Well, speaking of just before the court, we haven't had an opposition reply. I haven't read it, so I'm not going to be able to. I'd rather discuss issues that you did brief to us. Sure. Did you cite or respond to the 28J citing the Ninth Circuit Meridian case? No, you didn't. No, Your Honor. We did not respond to that. I think that it doesn't apply in this case. I don't think that the reasoning for that decision is, and I guess we can go towards looking at whether this is an ancillary or an independent action, and in that case it was looking at attorney's fees being an independent action. It's not an independent action under the statute. It's directly tied because of a prevailing party status as part of the elements of a requirement. How can you argue with a straight face they were not a prevailing party? I'm not arguing that they're not a prevailing party. What I'm arguing, Your Honor, is that you can be a prevailing party but also still be aggrieved. How are they aggrieved when the agency did not have the authority to award attorney's fees? Because they didn't get their fees. Has any other court ever interpreted 1415 the way the district court did, according to that argument, any other court? Not that I'm aware of, and I think that the reason for that is most attorneys, they're not going to sit there and wait. I guess my problem is your argument that you could actually be aggrieved by a decision where the hearing officer lacked, as Judge Owen just pointed out, lacked the authority to make an award of attorney's fees. So are you supposed to ask them anyway? Yes, Your Honor. And then have the hearing officer say, You understand, counsel, I don't have the authority to make any award of attorney's fees. Let me kind of step back on that. And then you were aggrieved because the hearing officer complies with the authority that he lacks and doesn't award attorney's fees. I think that we're looking too closely at what really aggrieved, tying that to the actual decision of the hearing officer. What I think that really means is did they get all of the relief that they wanted? If you look at the Sixth Circuit decision in King v. Floyd, that was looking at if there's something that comes. And the reason for this is going back to 1986 and 1984. 1984, there was the Smith v. Robson Supreme Court decision that basically said parents aren't entitled to fees under the IDEA. Congress came back and in 1986 enacted a statute that allowed for the recovery of attorney's fees. The Sixth Circuit said by doing that, they are recognizing and acknowledging that parents are aggrieved for purposes of fees to get under the statute that they enacted here in 1415. What I would like to do, though, is focus on the plain text and kind of broaden out as well. Borrowing from a state limitation period is not allowed to be done. School districts don't have notice that that's under the statute, that that can be done, and that would violate the sovereign immunity in which they are impressed upon. But they have noticed they're liable for attorney's fees. Not for a two-year period, in which case they're going to continue to escalate. I know they're liable. It's just a question of when the limitations period ends. No. Well, I understand that they are placed on notice with respect to perhaps a prevailing party attorney fee provision and that it ties directly into the 90 days limitations period. There is nothing in the statute that says directly, expressly, which is required, and I think which this court has recognized in TB v. Bryan Independent School District. You have to have clear notice, and even if it results in a bad result or doesn't make sense, that's for Congress to decide, not for this court to decide or have to. But what case puts the parent on notice that they're an aggrieved party in a case where they prevailed on the merits? I think it's just plain text of the statute, Your Honor. Does the record reflect that you informed them that they had to file within 90 days? They receive their notice of procedural safeguards on an annual basis. Did that contain your position here today, that they had 90 days? Yes. On the hearing officers? Yes, Your Honor. It did? Yes. They have 90 days to file that. I know that's your position legally, but what's the record site that they were informed? Oh, Your Honor, I don't believe that the record actually included the notice of procedural safeguards. Okay, so the record doesn't include it. But that's not a duty necessarily for the school district that would absolve or somehow allow them to escape the limitations. I thought that's what we said in Skokin. I thought that's what they said. No, you're saying that's not what the court said in Skokin? Well, Your Honor, I think that to the extent that you're going to look back at Skokin, again, as opposing counsel understood and admitted, that was before there was even a limitations period in place. But then the district court cited three cases. Its principal case is King, so you're saying we shouldn't look to King either? No, I think that King is looking at aggrieved, and that's different than limitations. But King didn't look. Aggrieved wasn't even in the statute that King looked at. No. The term aggrieved didn't even exist. Yes, Your Honor, it was. The King court is interpreting the word aggrieved in the statute as it existed in 2000? I believe that the language is very similar, if not identical, Your Honor. I don't believe that that particular provision has changed with respect to aggrieved. What if you had filed on the 90th day an appeal to the district court, and on the 91st day they had counterclaimed for attorney's fees? Right. What would you be arguing? Well, if we had filed and then they had filed on the 91st day, then there would be a counterclaim, and under this court's decision in Rubin A. v. El Paso ISD, that would have been allowed. And that goes back to whether this is an ancillary or an independent cause of action. The plain text makes no distinctions between this. It's a civil action. 1415I, both Sections 2 and 3 both specifically say they have a right to bring a civil action under this section. It's Section 1415. They don't parse it by saying, well, the limitations provision only applies with respect to being aggrieved. It applies just as well to the attorney's fees provision. So even if they're not aggrieved, even if they're not aggrieved, they still have to apply the 90-day limitations period. It's not so 1415I-3, you can't make the leap to say that, oh, there's not. What if they lost entirely at the administrative level? Right. They go to the district court. The district court reverses. When do they have to ask for attorney's fees? They lost, and then they go to district courts. They have 90 days. At that point, they're aggrieved. They're not prevailing party because they've lost. That's right. You spend a year in district court. The district court rules in their favor. When do they become entitled to attorney's fees, and when do they have to ask for them? What's the limitations period? When does it start to run? Well, the limitations period for bringing a civil action, and that's if they lost below. They filed that within the 90 days. Right. If they've lost below, then there's no right to attorney's fees until they somehow are able to show that they're prevailing party. They win in the district court a year later. They win in the district court a year later. When does their right to attorney's fees accrue? What's the limitations period for asking for it in the district court? The way that it has worked. I don't want to know how it works. I want to know what the statute says. The statute, you're under the Federal Rules of Civil Procedure at that point, and so you're going to be operating. What do they say about limitations? I'm sorry? What do they say about limitations? They say under Rule 54 that you have 14 days, or the court can order a longer period of time to seek an action for fees. So at that point in time, I believe that's when it would be governed by what the federal court's scheduling order or the Federal Rules of Civil Procedure set out as the time period for seeking fees after you become a prevailing party. If we disagree with you that they're aggrieved and find that they're prevailing, not subject to Section 290 days, what's the limitations period? What circuit decision do you think describes the best period we should borrow? Well, if we have to go to an analogous limitations period, there are several that are much better than two years, I can tell you that. Thirty days is the limitation period to bring an action under the Administrative Procedure Act, and so that's what, and that is a procedure. Texas Administration? Yes, Your Honor. Texas Administrative Procedure Act, and that's what the due process hearing system also relies upon to some extent as part of their hearing. You didn't discuss McCartney, but I'm sure you've read it. Yes, Your Honor. Is there any error in its reasoning as to the accrual date for those 30 days? I think accrual is, I don't believe that accrual applies here because of the statute. No, I'm just asking you, is there an error in Judge Posner's reasoning as to how he applied accrual there? Your Honor, I would, I hesitate to criticize Judge Posner, but I believe that accrual is not a factor in this case. But I'm asking you, what do you say? When is accrual? What's the accrual date? Accrual is the date of the decision of the hearing officer. That's when it occurs. So in other words, the line of authority, the Seventh Circuit, McCartney and Dell, that's wrong. You disagree with their analysis. We disagree with that because of the plain text of the statute, Your Honor. And if I can look a little bit more back towards, you know, the policy arguments here with respect to, you know, the allowing two years. Well, let me step back and finish answering the question with respect to the other limitations period would be the 14 days, which is under Rule 54. And that would be more analogous than a two-year statute of limitations. Now, if Congress enacted this after 1990, no one would dispute it would be a four-year period. Is that correct? Oh, I'm not sure about that, Your Honor. I don't know why there would be a four-year statute of limitations for fees when the statute here clearly says that it's tied to 90 days. I know. I'm assuming if the 90-day provision didn't exist and, therefore, we had no limitation period specified, but a federal cause of action was created after 1990, it would be four years. If a federal cause of action and that's what you're relying upon, then, yes, I would concede that point. But what I'd like to – the 30 days and the 14 days are more preferable than a two-year. And I would also like to point out that the two-year statute of limitations that they're asking for, they didn't ask for below before the district court. They've waived that argument. Did you ask for the Rule 54 14 days? No, Your Honor, but we're appellee, and so we can ask for and you can rule on independent grounds, and we have that. What did they ask for below? They asked for a four-year, and I believe they asked for a two-year based on contract and debt. They didn't ask for a tort two-year statute of limitations, so they've waived that argument. Arlie, stepping back a little, the school, I'm guessing, benefited from this. In other words, they wholeheartedly applied the ruling's order, right? They changed the circumstances that had created the predicament that DG was in, correct? I'm not certain which circumstances. The school district complied in the entirety with the order, the hearing officer's order, is that correct? Yes, Your Honor. So that's an improvement on a school condition? Yes, Your Honor, or they complied. And it only occurred because the parents took the action they did, and Congress has said we need to compensate parents for helping schools like that in cases like this where the school agrees with the hearing officer's determination. Right. So it's important to sort of vindicate the fee shifting or else you won't get these suits that do improve the school systems. Well, two points to that. First, and again, I know that the court has not looked at the motion to dismiss for lack of jurisdiction, but the vindication, the parents don't have any shame. They didn't suffer any injury. In fact, there was no expenditure of resources. So that's not an issue before this court, or even as a policy argument that would be present in this case. The second point about that, well, I think that what we really have to kind of look at here is what you will create if you allow for a two-year or a 30-day or go outside of the plain text of the statute. The first thing is looking at the two. It's not that plain. That's the problem. I believe it is, Your Honor. I think that if you look at it, and to the extent that it's not as plain, again, school district sovereign immunity, tied goes to upholding immunity. When you say what we'll create, we've already told you what we don't want to create in the Rubin decision. We don't want to create a situation where people have to file protective attorney's fees motions, which become meaningless if within the 90 days it turns out they weren't entitled to anything. So the rule you're asking us to apply, this sort of reincorporation of subsection 2 to subsection 3, in fact, creates a problem that we've been very clear in case law we don't want to create an incentive for. I would respectfully disagree, Your Honor. I don't think that you create that problem. Wouldn't this oblige people to file protective suits for attorney's fees when they might end up losing any entitlement to them if the merits appeal continues? No, Your Honor, because under Rubin A, if the other side that lost does appeal and prevailing party status is reversed, then they can file their counterclaim. Under Rubin A, they can file a counterclaim outside of that 90-day limitations period. Rubin A solved those problems. What we created here, though, is if you go to a 2-year statute of limitations for these fee actions, what can happen is an attorney can wait for 2 years, file on the 2-year deadline, and then because of Rubin A, the school district or the losing party can file an action challenging the merits of the decision. And so now we have a 2-year plus however long period of time that has gone by, and we're arguing about the merits of a decision that is still more than likely. And that's going to create more problems, and this doesn't foster the purposes of the case. You're arguing about the merits of a decision? I'm saying that— On an attorney's fees issue? You can't—yes, because it goes directly to prevailing party status. So for an example, if a parent was the prevailing party and files on the 2-year statute of limitations for fees, if that's what the court were to say— It only goes to prevailing party status if we agree with you. Well, prevailing party status can be reversed on appeal. But you can't appeal the merits after 90 days. But you can. That's what this court said in Rubin A. That is exactly what this court said in Rubin A. Because we can do it by counterclaim. Because it's an ancillary—we have the right—it's intermingled. And we have the right to contest whether or not they're a prevailing party. And prevailing party status— But you can't relitigate the merits. I mean, the federal statute is very clear about that. If you're an aggrieved party, you've got 90 days to appeal that underlying agency decision or it's final. Now, then you can argue about whether they're a prevailing party or not, but you can't relitigate the merits of the agency decision. That's final. Well, I think that parts of litigating whether they're entitled to fees is whether or not the hearing officer—whether they're a prevailing party and whether or not the hearing officer's decision is correct. And I do believe that this court's decision in Rubin A. supports that type of finding. Rubin A., I guess. So if I can just quickly here also kind of go through some other points with respect to— the purposes of the IDA are to minimize litigation and bring early resolution. What the parents are asking for is the exact opposite of that. You're going to have more extensive litigation. If you extend it out to the two years that they're asking for, you're going to be allowing an adversarial relationship between— How much is at issue here? I believe they've made a fee demand for about $100,000, which obviously the parents do not have to pay. Okay. So you're going to have an adversarial relationship that's going to be extended for two years. You're going to—you can see abuses that did exist with other school districts in terms of— when you get attorney's fees and an attorney's in the process of the IDEA, which an IDEA's one of their things is trying to minimize litigation, but when you bring attorneys into the process, it tends to create an adversarial relationship. It's not helpful for the student and for either parties. It was adversarial. It was certainly adversarial at the agency level. Of course not. You lost. Your client lost. And immediately began implementing the hearing officer's decision. It costs money to get you to do that. Well, Your Honor, the catalyst theory is dead, Your Honor, and so you can't award attorney's fees based on the fact that, you know, we did something. Now, I understand that the hearing officer— Judicial impromptu. Yes, you're correct. The hearing officer did issue an order that we complied with, but you have to still look at did they timely bring this action. Well, that has nothing to do with the merits. You're saying it's adversarial. Congress has said they get their attorney's fees. We're just arguing about when they had to file, not whether they're entitled to them. Well, the longer that you— Don't argue to us about bringing attorneys in escalates it because Congress has made that call. The longer that you allow for fees under some unstated limitations period for—under the IDEA, if that's— Congress—if, in fact, Congress didn't state it, then it's our duty to figure out what limitations applies. Those are the only two questions. And Congress did say that, Your Honor, and we briefed that fully. And, again, I would just point in my limited time left, I would point out that the statute is clear. It's all under subsection 14—I mean section 1415, both of those. I don't believe that the interpretation provided by the parents is correct. I would also point out that it is a real thing. The IDEA is spending clause legislation, which requires clear and unambiguous notice to school districts of the obligations. It's a contract, basically. And there's no contract here that says the school districts can be held for attorney's fee claims that are brought outside of 90 days. And the reason—or the reason why that's a big issue is because the more you extend it out, the more those fees are going to escalate. And that's not something that is permitted. I understand that some courts may find that to be unjust, but that is not for the courts to decide. That is for the legislative branch to correct, if they so wish. And I would point the court again to TB v. Bryan ISD, where there was a child that was a prevailing party and got the relief that he wanted, that the school district wasn't willing to provide without the hearing officer's decision, and then applying a straightforward application to the plain text of the statute, the court, in that case, said he is not a child with a disability and, therefore, is not eligible for fees. And those are policy arguments that, again, are left to Congress, not to us. And, again, the sovereign immunity statute, Tory construction, all of that, it dovetails with the spending clause, but we're entitled to any kind of interpretation that upholds our governmental immunities. I would ask for the court to affirm the hearing officer's decision. I see my time is up, and thank you for the additional three minutes. There are just a few things I'd like to address, and, of course, I'll entertain any additional questions you have. First of all, regarding the concern that Judge Higginson raised about the preemptive filing of fee complaints, that's one of the concerns that courts have raised when . . . Well, let's talk about . . . let's assume that the 90-day doesn't apply because Congress didn't clearly say, so we've got to borrow a state law. There's 30 days out there, and that doesn't say you . . . that's extended somehow to wait to see if the other side files an appeal. So we've got that. We've got, under the federal rules, you've got 14 days. What's wrong with 30 days? Well, the 30 days is a statute . . . we're looking at . . . we've got to borrow a statute. If you were under Texas law, you would have had to have filed in 30 days. There's two reasons, really, that that doesn't . . . is not really the best solution here. One is because this isn't really analogous to an agency appeal. There's no . . . as was already pointed out, the hearing officer does not have authority to award fees. That's right, but he says, and maybe I'm wrong, he says if this were a state agency thing, and you had prevailed at the agency level, you've got 30 days to ask for attorney's fees after that. Is that right or not? The 30-day provision is actually an appeal of an agency decision, so no. Under Texas law, how soon would you have to file as a prevailing party to get your attorney's fees after you win an agency decision? Under the APA, I actually don't know if it has a limitations period, because the way that courts have analyzed it is they've applied the limitations period from the appeal provision in the APA. I'm just saying . . . I actually don't know that. If you won in Texas, you won. How long would you have to go get your attorney's fees? I haven't done one of those cases, so I actually don't know what the appeal period is. Excuse me, the fee filing period is. In the Texas APA, there's specific provisions that indicate. I mean, it's clearly an appeal period that the court has cited, the court below has cited, and that NCID is . . . I'm not asking about an appeal. Is there a statutory provision that says you win in the Texas agency, you must seek your attorney's fees within X amount of time? That I do not know, but I can certainly find out. I'd like to know the answer to that. Okay. We'll be happy to provide the court that information. Because it's a separate proceeding, it's not an appeal. There's no decision to appeal from. There's no decision on attorney's fees to appeal from. It's really not . . . There's no merits to appeal from, so it's really not analogous. But moreover, again, going back to the policy reasons, which is underlying the federal statute, which is what courts look at when they look to an analogous state limitations period to apply to any federal statute that's silent on limitations. The courts have found that it's contrary to the goal of parental involvement, the short limitations period. It gives incentives to districts to misbehave and drag their feet. It would encourage the preemptive filing of fee cases. A longer limitations period does not hurt the district in the manner suggested by opposing counsel, because attorneys have a financial incentive to get paid. Moreover, it encourages settlement of the fee issue. Thirty days . . . In that regard, have you all talked about, with our conference attorney, about trying to compromise the situation? I'm sorry. I couldn't hear you. Talking about encouraging settlement. Have you talked to our conference attorney about trying to settle this dispute? We have not. Okay. What's the best case that you think, if we get past this sort of statutory approach that the district would adopt, what do you think is the best case examining and picking a borrowing period? I think that . . . Meridian? I think Meridian is . . . Was Judge Engel in the Sixth Circuit's dissent consistent with Meridian? Yes, it is. It is? Yes. And that's sort of a trend. Do you know whether cert's been filed in Meridian? Because there's a split out there. There is a split. I don't know whether cert's been filed. I think there was some talk about filing a motion for rehearing en banc, so that could be happening first. You don't know whether either step's been taken? I do not know yet whether that step has been taken or not. But Meridian does lay out a very good analysis of why it rejected the 30 days, why the 30 days does not comport with the underlying policy of the IDEA. And Meridian doesn't decide. It just says under any of these . . . Everyone's hoping Congress will decide. Yeah, well . . . All the courts seem to be hoping Congress will step in. I think that that's probably true. And maybe it will, because now we do have more of a split than we did before. Thank you very much.